**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50469
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY MARION MCCOY,

Defendant-Appellant.

.

Appeal from the United States District Court
for the Western District of Texas
(W-95-CR-107)

July 7, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Johnny Marion McCoy appeals his convictions for interstate transportation of a stolen motor

vehicle (18 U.S.C. § 2312) and interstate transportation of stolen property valued at $5,000 or more

(18 U.S.C. § 2314), alleging that the evidence was insufficient to support his convictions. McCoy also

argues that a material variance existed between the indictment and the evidence presented at trial.

This argument also amounts to a challenge to the sufficiency of the evidence. After a careful review

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

of the record, briefs and authorities, we find that the evidence was sufficient for a reasonable jury to find McCoy guilty beyond a reasonable doubt. *United states v. Parziale*, 947 F.2d 123, 127-28 (5th Cir. 1991) (considering defendant's sufficiency of the evidence argument based on his conviction pursuant to 18 U.S.C. § 2314).

The jury was entitled to infer based on the totality of the evidence adduced that McCoy had the requisite criminal intent to steal the truck and its contents, either when he left Texas or shortly thereafter. *See United States v. Merkt*, 764 F.2d 266, 272 (5th Cir. 1985). In addition, McCoy has failed to present evidence showing that, if there was a variance between the indictment and the evidence presented at trial, his substantial rights were prejudiced. *United States v. Massey*, 827 F.2d 995, 1003 (5th Cir. 1987). Thus, McCoy's appeal fails on both grounds. Accordingly, McCoy's convictions are AFFIRMED.